People of State of Illinois, Defendant in Error, v. Glen R. Thompson, alias Bob Thompson, Plaintiff in Error.

Gen. No. 9,658.

 Opinion filed October 31, 1949. Rehearing denied December 21, 1949. Released for publication December 22, 1949.

CLARENCE B. DAVIS and THOMAS W. HOOPES, both of Springfield, for plaintiff in error.

GEORGE P. COUTRAKON, State's Attorney, of Sangamon County, Springfield, for defendant in error; LAWRENCE SWINYER, Assistant State's Attorney, of Sangamon County, Springfield, of counsel.

MR. PRESIDING JUSTICE WHEAT delivered the opinion of the court.

Defendant Thompson was found guilty by jury verdict of the crime of keeping a house of ill fame and was sentenced to pay a fine in the sum of $200 and to serve one year at the Illinois State Farm at Vandalia. Only one assigned error is argued: that the giving of the following instruction for the People constitutes reversible error:

"The Court instructs the jury in the language of the Statute that whoever keeps or maintains a house of ill fame or place for the practice of prostitution or lewdness, or whoever patronizes the same, or lets a house, room, or other premise for such purpose, or shall keep a common, ill governed and disorderly house to the encouragement of idleness, gaming, drinking, fornication, or other misbehavior, shall be guilty of keeping a house of ill fame."

Paragraph 162, ch. 38, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 37.128], uses the exact language of this instruction except that the words "shall be guilty of keeping a house of ill fame" are omitted; the statute instead, concludes with the words: "shall be fined not exceeding Two Hundred Dollars, or imprisoned in the County Jail or House of Correction for a period of not more than one year or both." The information on which defendant was tried charged only that he did "keep and maintain a house of ill fame and place for

159

the practice of prostitution and lewdness.'' Defendant urges that the instruction was erroneous because it contained offenses not charged in the information, and that it purported to set forth a statute which does not exist and is no part of the statutory law of Illinois.

In urging that the giving of this instruction constituted reversible error, defendant cites the case of *People v. Crane*, 302 Ill. 217. In such case the indictment charged the defendant with the taking of indecent liberties with a child; the instruction given was held to constitute reversible error because it commenced with the words that it was in the language of the statute, referring not only to the offense of taking indecent liberties but also to the offense of attempting to take indecent liberties and concluded with the statement: ''This is the offense charged in the first count of the indictment.'' In reversing this case the Supreme Court said: ''It will be seen from what has been stated that the guilt of the defendant was not proved in such a clear and satisfactory manner that this Court can say that errors in the record are not sufficient to warrant a reversal unless highly prejudicial. We are of the opinion that in order to sustain the verdict in this case the record should be free from prejudicial error.''

■ However, in the instant case, defendant does not claim that there was any reasonable doubt as to the guilt of the defendant and has not abstracted the testimony. It must therefore be assumed that the guilt was established. This court has, however, carefully read the entire report of the proceedings and is convinced that the jury could have no reasonable doubt as to defendant's guilt regardless of any alleged error in the giving of this particular instruction. In the case of *Hoge v. People*, 117 Ill. 35, the court, in commenting upon error in giving instructions stated as follows:

"It is our practice, where we can see, from the record, that the evidence was so overwhelmingly against the defendant that had the jury been instructed correctly they must still, necessarily, have found as they did, to decline to reverse for mere error of instruction." In the case of *People v. Cleminson*, 250 Ill. 135, the court said: "The condition of this record is such that we have given its consideration much time and very serious thought. The competent evidence in the record, in our judgment, leaves no room for the slightest doubt of defendant's guilt. If this were not so, our duty to reverse this judgment would be most clear. The question then arises, in a case where the competent proof in the record shows the guilt of the accused beyond any doubt but where the record also shows errors of so grave a character as those before referred to,—errors that would require the reversal of a judgment in a case where the evidence left room for doubt of the guilt of the accused,—whether it is the duty of this court to reverse the judgment or to affirm it on the ground that the guilt of the defendant was so conclusively established by competent proof that the judgment should be affirmed notwithstanding the errors committed. After much deliberation we have concluded that as we cannot say that upon the competent evidence there might be a doubt as to defendant's guilt, we would not be justified in reversing the judgment on account of the errors committed."

■ In our opinion the guilt of the defendant in the instant case is so overwhelmingly established by the evidence that any error in the giving of the instruction in question was immaterial, and while we do hold that the giving of this instruction was error and not to be approved, yet, in our opinion, it does not constitute reversible error for the reasons stated. The judgment of the county court is affirmed.

*Affirmed.*